## LOIS L. and ORVILLE LYNN CARPENTER v. DEPARTMENT OF REVENUE

Gene B. Conklin, Pendleton, filed a brief for plaintiffs.

Walter J. Apley, Assistant Attorney General, Salem, filed a brief for defendant.

Decision for defendant rendered August 11, 1970.

LOREN D. HICKS, Judge pro tempore.

Plaintiffs appeal from an opinion and order of the Department of Revenue which assessed a deficiency for a capital gain in 1966. The plaintiffs, Lois Carpenter and her son, are beneficiaries of the estate of Orville L. Carpenter.

The facts of the case are not in dispute. In October, 1965, the State Highway Commission filed a condemnation suit against plaintiff Lois Carpenter and her husband, now deceased, for real property which they owned as tenants by the entirety. After taking possession in November, 1965, the commission, on January 3, 1966, deposited $27,000 with the court for the Carpenters, which was greater than the cost basis

of the property. The case went to trial and resulted in a verdict on May 21, 1966, in the amount of $30,410. The Carpenters appealed the award to the Oregon Supreme Court. On October 10, 1966, Mr. Carpenter died, and a few days later the appeal was dismissed. The circuit court entered its order of distribution on November 12, 1966. None of the $27,000 had been withdrawn by the Carpenters and the additional $3,410 had not been paid or deposited by the highway commission.

The issue is whether the taxable gain on the $27,000 was realized in January, 1966, when the highway commission deposited the money into court, or at a later time following Mr. Carpenter's death.

The plaintiffs contend that the gain was not realized until November, 1966, when the circuit court entered its order of distribution because their right to the cash was not final until such court order had issued. The defendant argues that the funds deposited in January, 1966, were then available to Mr. and Mrs. Carpenter and could have been withdrawn by them without any conditions and without any prejudice to their suit for a larger award and, therefore, a capital gain was realized on the $27,000 that should have been a part of Mr. Carpenter's final income tax return.

Pertinent parts of Oregon Revised Statutes on highway condemnation in effect in 1966 stated:

ORS 366.390:
"At any time after proceedings have been commenced * * * to acquire title to any real property the commission may enter into possession of any or all of such real property and make use thereof * * *."

ORS 366.392 (1):
"Whenever the State Highway Commission has commenced an action * * * for the condemnation

of real property * * * the commission may certify * * * an authorization for advancement * * * of the amount estimated by the commission to be just compensation * * *. Upon receipt of such certificate and authorization * * * the Secretary of State shall immediately draw a warrant in favor of the clerk of the court wherein said action * * * was commenced, in the amount authorized by said commission, to the use of the defendants in said action * * *."

ORS 366.393:

"(1) The court may distribute all or any part of such funds to the person or persons entitled thereto for or on account of the just compensation to be awarded in said action or proceedings, upon such terms and conditions as may appear just and reasonable.

"(2) Any person or persons entitled to withdraw any or all of said deposit * * * may do so at any time without waiving rights of appeal * * *."

Pertinent parts of Oregon tax regulations in effect in 1966 state:

Reg. 316.170 (A):

"* * * gains, profits and income are to be included in the gross income for the tax year in which they are received by the taxpayer. * * *"

Reg. 316.170-(B):

"Income although not actually reduced to a taxpayer's possession is constructively received by him in the taxable year during which it is * * * made available so that he may draw upon it at any time * * *." However, income is not constructively received if the taxpayer's control of its receipt is subject to substantial limitations or restrictions."

Based on the above statutes and regulations, and also the recent cases on the question, it is the opinion of the court that a taxable gain was realized by Mr.

and Mrs. Carpenter in January, 1966, at the time the $27,000 was deposited with the court for their use.

The plaintiffs particularly rely on *Nitterhouse v. United States*, 207 F2d 618 (3rd Cir 1953), 44 AFTR 527, 53-2 USTC ¶ 9573; *cert denied*, 347 US 943, 74 S Ct 638, 98 L Ed 1091 (1954). In that case which involved a cash basis taxpayer, the government in 1944 took the taxpayer's property and deposited cash as just compensation. The court stated:

"* * * Money which has been set apart for a taxpayer and upon which he can draw is subject to tax as of that year. The fact that the taxpayer did not ask for the money thus held in the registry of the court should not be conclusive.

"However, we do not think that this deposit was available to the taxpayer at his will only. To withdraw it would have required a court order. And to get that order the petitioner would have to show that he had a clear title to the land free from tax and judgment liens and so on.

"It is not enough that the taxpayer might have got the money in 1944 had he applied for it and made the requisite showing. He did not apply for it and no requisite showing by him was made. Therefore, he was not in a position to show that he was unqualifiedly entitled to the money." 14 AFTR at 528, 53-2 USTC at 1320.

The situation and issues in *Nitterhouse* were different than those now before us. There the taxpayer attempted to establish that all of his gain occurred in 1944 at the time of the taking rather than at the final award in 1946. He admitted that he did not receive any money in 1944; however, his theory was that the taking gave rise to a claim against the government and that such a claim was "property" and a thing of value. The court held, however, that there was no proof that

"the obligation to pay a man for his land constitutes 'property' within the meaning of section 111[①] for income tax purposes at the time of the taking." The decision was based upon the finding that the time of taking was not material to the question and that the government's obligation to pay in the future was not a present receipt of property under the tax code. So far as the deposit was concerned, the court found that the taxpayer had failed to prove that the money was actually available to him because there was no showing that he had or could have met the required conditions. *Nitterhouse* does not hold that a deposit in condemnation is not available to a taxpayer and therefore not constructively received until a court order has issued. On the contrary, the case holds that the court order, and thus the money, is not available until it is shown to the condemnation court that any and all applicable conditions precedent have been met. The case further holds that the taxpayer cannot have a finding in the Tax Court that such conditions precedent were satisfied without meeting his burden of proof thereon. In the instant case the plaintiffs have neither alleged nor shown that there were any conditions to satisfy before they became entitled to the money on deposit. The deposit was available to Mr. and Mrs. Carpenter and they could have withdrawn it at any time without any requisite showing of anything. ORS 366.393, *supra*, permits the setting of terms and conditions, but it imposes none as a matter of law.

A recent Eighth Circuit case considering the question of whether a gain is realized upon deposit of just

---

[①] 26 USCA § 111 (1945), provides that the "amount realized from the * * * disposition of property * * * [is] money received plus the fair market value of the property (other than money) received."

compensation by a condemnor is *Covered Wagon, Inc. v. Commissioner,* 369 F2d 629 (8th Cir 1966), 18 AFTR2d 6172, 67-1 USTC ¶ 9117. The federal government in July, 1956, executed a declaration of taking against the taxpayer's real property and deposited $200,000 as just compensation. In January, 1957, the government and the taxpayer agreed to the immediate payment of 90 percent of the $200,000. Pursuant to a court order the taxpayer received $180,000 in February, 1957. Later in 1957 a jury made a total award of $305,-500. One of the issues in the case was whether the income representing the gain on the condemnation was taxable in 1956, when the government made its deposit, or later in 1957 when payment was ordered and actually received. The court held:

> "In accordance with our holding that the date of the 'sale' for the purposes of § 337(a) of the Internal Revenue Code of 1954 [the law relative to tax treatment of a 12-month corporate plan of complete liquidation] is the date that title to the condemned property vests in the United States, even though a fixed price therefor has not yet been decided, it is our determination that the portion of the petitioner's total compensation which was deposited in court on July 6, 1956, and to which it then had an absolute right, is taxable in the year 1956. It follows that the remainder of petitioner's total award, $105,500.00 is taxable in the year 1957, the year in which an absolute right to it arose by virtue of the jury determination. The dates of the actual payment of the award, or portions thereof, are not determinative of the years wherein the award is taxable. (Citations omitted.)" 18 AFTR 2d 6179, 67-1 USTC ¶ 83,054.

Although the court based its decision to some extent on the date of sale, which is not necessarily determinative of the time the seller realizes his gain, the

court also clearly stated that absolute availability of the money amounts to a constructive receipt.

It should also be noted that the court in *Covered Wagon, supra,* held the entire $200,000 was taxable in 1956 even though the taxpayer, in accord with an agreement with the government, withdrew only $180,-000. The case holds that when an amount is unconditionally paid into court for the taxpayer, the transaction as to that amount is closed and is immediately taxable.

Another recent case dealing with the issue is *Harry D. Aldridge v. Commissioner,* 51 TC 475 (1968), where the highway department of the State of Kentucky instituted condemnation proceedings against the taxpayers' land and in 1963 deposited $30,000 with the clerk of the court as just compensation. On December 16, 1963, the court awarded possession to the state. The taxpayers sought additional compensation and declined to withdraw the $30,000 for fear it would prejudice their appeal for more money. In November, 1965, the parties settled the case for an additional $5,000, and the court then ordered the clerk to pay the $30,000 on deposit and the state to pay the $5,000 balance. The taxpayers were ordered to execute a deed.

The taxpayers appealed the IRS ruling that the gain on the $30,000 deposit was realized in 1963, claiming that there was no constructive receipt in 1963 because there were "substantial restrictions or limitations" on their right to receive the deposit. They argued that the deposit was merely a loan in the nature of an advance payment on a sale which might have been called off and since the money was "held subject to the order of the Court," it was not received. The Tax Court rejected this argument and concluded that

the taxpayers' right to withdraw was not subject to any limitation or restriction which impaired their ability to obtain the funds at any time upon demand.

The taxpayers in *Aldridge* also argued that it was possible that the award would be lowered on appeal, obligating them to repay the excess with interest. The court dismissed this stating that "the potential obligation to repay its equivalent in a later year is not sufficient to defeat a claim of current taxability. * * * Their mere failure to withdraw makes no difference to their claim of right. * * *" 51 TC at 477.

■ Income, though not actually reduced to the taxpayer's possession, is constructively received when it is credited to his account subject to his demand so that he may draw upon it at any time without any substantial limitations. In the instant case, Mr. and Mrs. Carpenter were the only ones entitled to the amount that was deposited for their account and use. There is no allegation or showing of any substantial limitations or restrictions, and none will be presumed. The Carpenters no longer owned the land. Instead, they owned the deposit, with an absolute and immediate right to its possession, without any prejudice to their claim for additional compensation. They could have had the money merely by applying for it, and they could not avoid such receipt by failing to take action to withdraw it. This was more than a promise to pay in the future. It was a present, unqualified payment. The taxpayers realized a gain by the constructive receipt of the $27,000 which gain should have been reported as a part of Mr. Carpenter's final income tax return for the period prior to October 10, 1966.

The order of the Department of Revenue is affirmed.